IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK STAAKE,

        Plaintiff,

vs.                                                 No. CV 19-1193 RB/GJF

DAVID JABLONSKI,
et al.,

        Defendants.

## PRO SE PRISONER CASE MANAGEMENT ORDER

THIS MATTER is before the Court *sua sponte*. The Court has received and docketed the prisoner civil rights complaint filed pro se by Plaintiff Mark Staake and removed to this Court by Defendants. The parties shall include the case number, CV 19-1193 RB/GJF, on all papers filed in this proceeding.

The parties must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see, also, Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994). The parties are obligated to keep the Court advised of any changes in a party's address. Failure to keep the Court informed of the party's correct address may also result in dismissal of the case or other sanctions. D.N.M. LR-Civ. 83.6.

Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> "The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in
> which a prisoner seeks redress from a governmental entity or officer

> or employee of a governmental entity."
> . . .
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b).

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. The parties should avoid filing unnecessary motions. Requests for service of process, discovery, and submissions of proof are also premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). If Plaintiff's Complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling.

The parties should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. The parties are not to send any mail directly to the assigned District Judge or the assigned Magistrate Judge. The parties also should not make telephone calls to or ask to speak to the assigned District Judge, the assigned Magistrate Judge, or the Judges' staff, nor should the parties ask family members or friends to do so.

Pending before the Court are Plaintiff's Motion for Appointment of Counsel (Doc. 4) and Motion for Default Judgment (Doc. 8). The Court will deny Plaintiff's Motion for Appointment of Counsel. There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States,*

844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). The Court will also deny Plaintiff's Motion for Default Judgment as premature until the Court has completed its screening obligation.

**IT IS ORDERED**

(1) Plaintiff Mark Staake's Motion for Appointment of Counsel (Doc. 4) and Motion for Default Judgment (Doc. 8) are **DENIED**; and

(2) this Case Management Order shall govern proceedings in this case until further order of the Court.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE