UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MARK STAAKE,

 Plaintiff,

v.                      Civ. No. 19-1193 RB/GJF

DAVID JABLONSKI, *et al.*,

 Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court[1] *sua sponte* in light of Plaintiff's non-compliance with the Court's Order to Cure [ECF 24]. As explained below, the Court recommends that all defendants minus Centurion Correctional Healthcare of New Mexico, LLC be **DISMISSED**.

## I. BACKGROUND

On July 26, 2022, the Court ordered Plaintiff to provide addresses for all named parties yet to enter an appearance in the instant case. ECF 20. Plaintiff responded with an internet print-out of the docket of the state court in which this matter was first filed. ECF 21. Notably, that print-out did not set forth any actual addresses but merely the names of the parties to whom summonses were issued, as well as unsolicited argument. *See id.* at 6–8. In response, the Court ordered Plaintiff to cure his deficient filing by"—*without further argument or commentary*—fil[ing] a copy of this order with the blanks below filled out, providing *current and accurate* addresses for Defendants Jablonski, Franco, Baca, Marciel, L. Martinez, Ray, French, Zagon, Turpin, Whittman, Cardenas, and Martinez, HSA." ECF 24 at 2 (emphasis added).

Instead of filing a timely response consisting only of a printed-and-filled-out copy of the

---

[1] Senior U.S. District Judge Robert C. Brack referred this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend an ultimate disposition of the case. *See* ECF 23.

Court's Order to Show Cause, as required, Plaintiff filed a day-late, multi-page narrative argument insisting that, as a convicted felon, it is impossible for him to obtain the addresses because the institutions employing the remaining named defendants all follow a policy forbidding the sharing of such information. ECF 27 at 1–3. Thus, Plaintiff asks that the Court consider his duty to provide addresses fulfilled and order service by the United States Marshals Service.

## II. DISCUSSION

As of yet, though some one-hundred and thirty additional days have elapsed, Plaintiff still has not provided addresses for the above-named defendants. Plaintiff's failure to comply with the Court's explicit instructions is troubling. "[T]he onus [is] squarely on [P]laintiff[ ] to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this endeavor." *E.g.*, *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013) (unpublished). And in this circuit, a *pro se* prisoner's failure to provide a court with addresses to serve defendants routinely constitutes sufficient grounds for moving the case along without them. *See, e.g.*, *Harland v. Kan. City, Kan. Police Dep't*, No. 21-3207, 2022 WL 2763095, at *3 (10th Cir. July 15, 2022) (unreported).

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the presiding judge dismiss the named Defendants for whom Plaintiff failed to provide mailing addresses.

**SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**