UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MARK STAAKE,

    Plaintiff,

v.                                                        Civ. No. 19-1193 RB/GJF

DAVID JABLONSKI, *et al.*,

    Defendants.

## ORDER TO ANSWER AND FOR *MARTINEZ* REPORT

THIS MATTER is before the Court *sua sponte* following the presiding judge's May 30, 2023, Memorandum Opinion and Order [ECF 29], which held that "all named Defendants *other than* Centurion Correctional Healthcare of New Mexico, LLC, are **DISMISSED**." *Id.* (emphasis in original).  Plaintiff's case is summarized elsewhere. *E.g.*, ECF 28.

Defendant Centurion Correctional Healthcare of New Mexico, LLC ("Defendant") has yet to file an answer. *See* ECF 1.  Based on the present record, the Court is not yet able to issue Proposed Findings and Recommended Disposition as the presiding judge's Order of Reference requires. *See* ECF 23.  Consequently, the Court will order Defendant to answer the Complaint [ECF 1-2], order a *Martinez* report, and set corresponding deadlines for said report.

**IT IS THEREFORE ORDERED** that:

Defendant shall file its answer no later than **August 25, 2023**.

Defendant shall, no later than **September 25, 2023**, file a *Martinez* Report[1] as follows:

---

[1] In a suit brought by a *pro se* prisoner, the Court may order defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether a meritorious claim exists. *Martinez*, 570 F.2d at 320; *see also, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  A *Martinez* Report may be used in a variety of contexts, **including motions for summary judgment or a *sua sponte* entry of summary judgment**. *See Hall v. Bellmon*, 935 F.2d 1106, 1109–12 (10th Cir. 1991); (noting that a *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)

1. Defendant's *Martinez* Report must address **in a written brief** all of the allegations against it, as well as any defenses raised in their answer that they wish to pursue. Defendant shall also include as attachments any affidavits or documents relevant to any allegation or defense. The submission of documents without an accompanying brief will not be considered in compliance with this Order.

2. Allegations and defenses must be supported by factual assertions in the brief, which, in turn, must be supported by proof, such as affidavits or documents that are to be included as attachments.

3. The brief must also state whether policies or regulations pertaining to Plaintiff's allegations exist, and, if so, the relevant policies or regulations must also be included as attachments.

4. Copies of all affidavits and documents included as attachments should be arranged in a logical order and be Bates-stamped or otherwise clearly serially marked. Defendant must also provide affidavits to properly authenticate submitted documents.

5. The Court is aware that materials contained in corrections and law enforcement files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendant may move to seal confidential portions of documents submitted with the *Martinez* Report and provide a redacted version of the Report to Plaintiff. If Defendant seek to seal or redact any portion of their Report, they must file a motion to seal at least fourteen (14) days before the *Martinez* Report filing and service deadline. The motion to seal shall describe with specificity the type of documents Defendant wishes to seal and shall assert the reasons for nondisclosure.

6. Should Defendant choose to file a motion for summary judgment based on the information contained with their *Martinez* Report, such a motion shall be filed (1) no later than **September 25, 2023**; (2) separate and apart from the Report; and (3) in compliance with the applicable federal and local rules of procedure, with the following caveat: rather than file attachments to a motion for summary judgment in support of the factual assertions therein, Defendant shall instead cite to the *Martinez* Report.² Defendant must provide citations supporting their assertions

---

("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence."). When a *Martinez* Report is used for summary judgment purposes, however, a *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109. Accordingly, in addition to the information requested by the Court herein, Defendant should submit whatever materials it considers relevant to Plaintiff's claims and their defenses. Plaintiff should do the same in his response.

² Under the Local Rules, "exhibits to a motion, response or reply" are not to exceed a total of fifty (50) pages unless by agreement of the parties or with leave from the Court after the filing a motion. D.N.M.LR-Civ. 10.5. Given that the *Martinez* Report will essentially serve as the parties' exhibits to a summary judgment motion, response, and reply,

<mark>with specificity.</mark>  At the very least, Defendant should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

7. The Court may strike any filing that fails to comply with this order.

8. **<u>Plaintiff shall file and serve his response to the facts contained within Defendant's *Martinez* Report within thirty (30) days of its filing</u>**.  Defendant need not reply to Plaintiff's Response to the *Martinez* Report.

9. **<u>If Defendant files a motion for summary judgment, Plaintiff must file a separate response to that motion within thirty (30) days of its filing</u>**.  Defendant shall file and serve their reply, if any, to a motion for summary judgment within fourteen (14) days of Plaintiff's response.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

should such filings be made, the Court hereby grants leave for the *Martinez* Report to exceed the exhibit page limit set forth in the Local Rules.

with specificity.  At the very least, Defendant should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

7. The Court may strike any filing that fails to comply with this order.

8. **<u>Plaintiff shall file and serve his response to the facts contained within Defendant's *Martinez* Report within thirty (30) days of its filing</u>**.  Defendant need not reply to Plaintiff's Response to the *Martinez* Report.

9. **<u>If Defendant files a motion for summary judgment, Plaintiff must file a separate response to that motion within thirty (30) days of its filing</u>**.  Defendant shall file and serve their reply, if any, to a motion for summary judgment within fourteen (14) days of Plaintiff's response.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

should such filings be made, the Court hereby grants leave for the *Martinez* Report to exceed the exhibit page limit set forth in the Local Rules.